MOSCOSO v. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Ponce.

No. 3.—Decided June 8, 1907.

EXECUTION OF PUBLIC INSTRUMENTS—ACQUAINTANCE OF PARTIES—CERTIFICATE OF NOTARY.—At the end of the deed involved in the case at bar the notary makes the following certificate: "I certify that I am acquainted with the

parties hereto, their occupation and residence, as also their age and status with reference to their statements, and to everything contained in this public instrument.'' *Held:* That from the clause so drawn it is perfectly understood that the notary certifies that he is acquainted with the parties, their occupation, and residence, of his own knowledge.

COMMUNITY PROPERTY—ADMINISTRATION OF THE CONJUGAL PARTNERSHIP.—Although the husband is the administrator of the conjugal partnership and must, strictly according to law, execute all deeds of gift, conveyance, or encumbrance, for a valuable consideration, to the property of such partnership, and in requiring the express consent of the wife in these transactions the only purpose has been to safeguard her interests, and it is clear that the requirements of the law have been complied with in the deed of sale sought to be recorded by the appellant, because the express consent of both spouses appears in the deed of conveyance, and although the wife appears therein as the party executing the deed and the husband appears as giving his consent thereto, the deed should be recorded.

The facts are stated in the opinion.

*Mr. Hernández Usera* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Hernández Usera, on behalf of Teodoro Moscoso, from a decision of the Registrar of Property of Ponce, refusing to admit to record a deed of purchase and sale.

By public deed executed in this city of San Juan before José Hernández Usera, an attorney and notary thereof, on December 11, 1906, Barbara Martínez y Rivera, accompanied by, and with the express consent of, her husband, José Ramón González y Rivera, sold to Teodoro Moscoso y Rodíguez two house lots situated on Doctor Pujals Street, in the city of Ponce, one of them containing a house, the upper part of frame and the lower part of masonry, which belonged to her by purchase from Manuel Gómez Coimbre and Carlota García Ayala and their children, Pablo Enrique, Ana Carlota and Carlota Acacia Arroyo y García, by public deeds executed in her favor with the consent of her husband, José Ramón González, on October 15, 1895, and February 15, 1894, respectively, both recorded in the registry of property of that city. The sale was made for the agreed and stipulated price of $4,000, pay-

able in 10 years, with interest at the rate of 7 per cent per annum, which the vendee agreed to pay at the end of every six months, the lots sold being mortgaged to secure the payment of the stipulated price. At the close of the deed the notary stated that ''he certified to his acquaintance with the parties thereto and to their occupation and residence, as also to their age and status with reference to their statements, and to everything contained in this public instrument.''

Upon presentation of a copy of this deed for record in the Registry of Property of Ponce, the registrar refused such record on the ground set forth in the decision which appears at the foot of said document, which reads as follows:

''The foregoing document is refused admission to record on account of the following incurable defects: First, because of the vagueness and confusion observed in the wording of the clause in which acquaintance with the parties thereto is certified to, as it cannot be determined whether such certification is made with reference to their statement or as an affirmation of the personal acquaintance of the notary, which the law distinctly requires; and, second, because the estates alienated having been acquired for a valuable consideration during the marriage, as shown by the registry, and as they must therefore be considered as belonging to the conjugal partnership, the wife alienates them instead of the husband, who is the only representative of the conjugal partnership (sections 161, 1316, 1322 and 1327 of the Civil Code), the merely passive acts of the husband who gives his consent to the alienation, not being sufficient to validate the subversion of the functions which the law assigns each of the spouses in the economic management of the conjugal partnership. And in lieu of the record a cautionary notice is entered to have effect during four months, at folios 101 and 209, over, volumes 101 and 178 of the municipal corporation of this city, estates numbers 4461 and 3099, duplicate, record letters A, respectively. Ponce, December 28, 1906.—José Sastraño Belaval, Registrar.''

Attorney José Hernández Usera took an appeal from this decision on behalf of Teodoro Moscoso, seeking a reversal thereof and the issuance of an order to the registrar directing him to record the deed.

With respect to the first ground alleged by the registrar in his decision, in view of the terms of the final clause of the deed, it is readily understood that the notary certifies to his acquaintance with, and the profession and residence of, the parties thereto, of his own knowledge, and with respect to their age and conjugal condition, with reference to their statement, as required by the Notarial Law, for which reason the ambiguity and confusion alleged by the registrar in his decision do not exist.

With respect to the second ground, as the deed shows the express consent of both spouses to the sale, the provisions of section 159 of the Civil Code in force are complied with, said section requiring this formality for the validity of the alienation of real property of the conjugal partnership, to which class the lots sold belong, and consequently the sale thereof cannot be considered void as this Supreme Court has held in its opinion of March 21 last, delivered in another appeal of the same character taken by Manuel J. Vidal as the agent by verbal appointment of Pedro J. Rosalí, from a similar decision rendered by said Registrar of Property of Ponce in a case exactly identical with this one.

The decision of the Registrar of Property of Ponce, appearing at the foot of the deed involved in this appeal, is reversed, said deed being declared recordable, and it is ordered that the deed presented be returned to the registrar, with a certified copy of this decision, for its record and other proper purposes under the law.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.
Mr. Justice MacLeary dissented.